■ VIRGINIA PETERS, Appellant, v MICHAEL PETERS, Respondent. — In a divorce action, plaintiff wife appeals from stated portions of an order of the Supreme Court, Queens County (Graci, J.), dated November 10, 1983, which, *inter alia*, (1) directed defendant husband to pay to plaintiff the sum of $200 per week temporary maintenance and $50 per week per child ($100 per week) temporary child support; (2) provided unsupervised visitation rights for defendant; and (3) directed that neither party harass, molest or annoy the other. ¶ Order modified, on the law and the facts, by (1) increasing the award of temporary child support to $150 per week for each child ($300 per week), (2) directing that support payments be made retroactive to September 22, 1983, the date the application for support was made, (3) directing that medical and hospital insurance be maintained by the defendant for the benefit of the plaintiff and the children, and (4) deleting the third and fourth decretal paragraphs, and substituting therefor the following: ¶ "ORDERED, that defendant may visit with the children who are to be picked up in the lobby or

vestibule at the children's residence for visitation from 12 noon to 4 P.M. on Saturday or Sunday of each week, provided that the defendant notify plaintiff at least 48 hours in advance of the day he selects for each weekend; the defendant shall not consume any alcoholic beverages prior to and during the hours of visitation; ¶ "ORDERED, that pending the trial of this action, plaintiff is granted a temporary order of protection and defendant is directed not to annoy, harass, threaten, molest, strike, bother or assault the plaintiff, and to abstain from any offensive conduct against the plaintiff, and that the presentation of a copy of this order to any peace officer shall constitute authority for said peace officer to take defendant into custody and detain him for such violation thereof". ¶ As so modified, order affirmed insofar as appealed from, without costs or disbursements. ¶ "Although appeals from orders awarding temporary maintenance and child support are not to be encouraged and a speedy trial is the preferred remedy for resolving such issues * * * the rule is not ironclad when the award is deficient" (*Pieri v Pieri*, 91 AD2d 1016, 1016-1017). We thus increase the award of child support to the extent indicated, retroactive to the date the application for support was made (Domestic Relations Law, § 236, part B, subd 6). We are also of the view, based on plaintiff wife's allegations that the defendant husband frequently became intoxicated and physically and verbally abused her, which allegations were corroborated by the affidavits of three persons, that the plaintiff was entitled to a temporary order of protection (Domestic Relations Law, § 252). However, there is no indication that the plaintiff in any way harassed, molested or annoyed the defendant. Thus, the defendant is denied an order of protection. Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.