■ DIANE M. KRISTIANSEN, Appellant-Respondent, v ERLING C. KRISTIANSEN, Respondent-Appellant.—In an action for divorce and ancillary relief, the plaintiff wife appeals from (1) stated portions of an order of the Supreme Court, Suffolk County (Abrams, J.), dated January 9, 1987, which, inter alia, (a) denied that branch of her motion which was for exclusive possession of the marital home, pendente lite, (b) granted that branch of her motion which was for pendente lite child support only to the extent of awarding $100 per week for the support of the two infant issue of the marriage, (c) granted that branch of her motion for an interim award of counsel fees only to the extent of $3,500, and (d) sua sponte enjoined her from committing any harassing or abusive conduct, or conduct of any offensive nature whatsoever towards the defendant husband and (2) so much of an order of the same court, entered March 24, 1987, as upon reargument, denied her that branch of her motion which was to direct the husband to continue payment of a salary by Saxpo, Inc. and, alternatively, awarded her pendente lite maintenance only to the extent of $250 per week. The defendant husband appeals, as limited by his brief, from so much of an order of the same court, dated May 7, 1987, as denied his motion to modify the order entered March 24, 1987 with respect to the amount of maintenance awarded.

Ordered that so much of the appeal from the portion of the

order dated January 9, 1987 which denied that branch of the plaintiff's motion which was to direct the husband to continue payment of a salary by Saxpo, Inc. is dismissed, without costs or disbursements, as that portion of the order was superseded by the order entered March 24, 1987, made upon reargument; and it is further,

Ordered that the order dated January 9, 1987 is modified, by (1) granting that branch of the wife's motion which sought exclusive occupancy of the marital residence pendente lite, and (2) deleting the provision thereof enjoining the wife from any harassing or abusive conduct toward the husband, or conduct of any offensive nature whatsoever; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order entered March 24, 1987 and the order dated May 7, 1987 are affirmed insofar as appealed from, without costs or disbursements.

The court erred in denying the wife's request for exclusive occupancy of the marital residence pendente lite. Given the fact that the husband has voluntarily established an alternative residence for himself, the existence of an acrimonious relationship between the parties, and the potential turmoil which might result from the husband's return to the marital home, we conclude that the wife is entitled to exclusive occupancy of the marital residence for herself and the children during the pendency of this matrimonial action (see, Delli Venneri v Delli Venneri, 120 AD2d 238; Wolfe v Wolfe, 111 AD2d 809).

The court also erred when, on its own motion, it enjoined the wife from "any harassing or abusive conduct toward [the husband] or conduct of any offensive nature whatsoever" as there is nothing in the record to indicate that a temporary order of protection is warranted (see, Peters v Peters, 100 AD2d 900).

However, we perceive no reason to substitute our discretion for that of the trial court with respect to the awards of temporary maintenance and child support. We find that the court arrived at an accommodation between the "reasonable needs" of the wife and the husband's financial ability to provide for those needs (see, Goodson v Goodson, 135 AD2d 604; Stern v Stern, 106 AD2d 631, 632). The proper remedy for the parties' claims of inequities with regard to the awards for maintenance and child support is to seek an expeditious trial (see, Goodson v Goodson, supra; Purdy v Purdy, 117 AD2d 659, 661).

We also see no reason to disturb the court's sound exercise of discretion in limiting the award of interim counsel fees to $3,500, particularly in view of the fact that the wife was granted leave to apply for a further award upon the trial *(see, Ahern v Ahern,* 94 AD2d 53).

The appropriate remedy with respect to the wife's remaining contentions is an early trial *(see, Sayer v Sayer,* 130 AD2d 407, 409; *Peters v Peters, supra.)* Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.