■ JULIE FRIEDMAN, Appellant, v STEVEN FRIEDMAN, Respondent.—In an action for divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated January 30, 1990, as granted her motion for interim financial and other relief only to the extent of awarding her $150 per week as temporary maintenance and $100 biweekly as temporary child support and as denied her applications for an interim counsel fee, for a rental allowance, and for an order of protection.

Ordered that the order is modified by deleting the provision awarding temporary maintenance in the amount of $150 per week and substituting therefor a provision awarding temporary maintenance in the amount of $300 per week, by deleting the provision denying the plaintiff's application for a rental allowance and substituting therefor a provision granting the application to the extent of directing the defendant to pay the plaintiff $5,000 as a rental allowance, and by deleting the provision denying the plaintiff's application for an interim counsel fee and substituting therefor a provision granting the application to the extent of directing the defendant to pay the plaintiff an interim counsel fee of $5,000, with leave to the plaintiff to apply for a further fee at trial should the circumstances warrant; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff; and it is further,

Ordered that the defendant's time to pay the $5,000 rental allowance is extended until 20 days after service upon him of a copy of this decision and order with notice of entry; and it is further,

Ordered that defendant's time to pay the $5,000 interim counsel fee is extended until 60 days after service upon him of a copy of this decision and order, with notice of entry.

The parties to this action for divorce, who have one child,

have been married for only a short time. The defendant husband is a vascular surgeon earning over $170,000 per year. The plaintiff wife is a homemaker who is presently unemployed, who has no independent assets or income, and who, upon vacating the marital residence, moved in with her parents because of an inability to afford her own living quarters. Although it awarded her periodic allotments for her maintenance and that of the child, currently residing with his paternal grandparents, the court denied the plaintiff an interim counsel fee and denied her request for a lump-sum payment to enable her to establish her own living quarters.

It is fundamental that temporary maintenance and child support awards "are designed to insure that reasonable needs are met during the pendency of matrimonial litigation" *(Salerno v Salerno,* 142 AD2d 670, 672; *see also, Cohen v Cohen,* 129 AD2d 550). The temporary maintenance award should be an accommodation between the reasonable needs of the movant and the financial ability of the other spouse *(see, Stern v Stern,* 106 AD2d 631). Here, although the child support award is under the circumstances appropriate, in making the temporary maintenance award, the Supreme Court did not adequately consider the plaintiff's general and incidental expenses, including her medical expenses, particularly when weighed against the defendant's income. Moreover, because the defendant has exclusive possession of the marital residence, and because the plaintiff has no assets or income of her own, she is entitled to some funds to assist her in securing an alternative residence *(see,* Domestic Relations Law § 236 [B] [8] [b]; *cf., Rigberg v Rigberg,* 124 AD2d 723; *Forbush v Forbush,* 115 AD2d 335, 337; *Tint v Tint,* 84 AD2d 698). Once an apartment is secured, the plaintiff may, if appropriate, apply to the Supreme Court for additional rental funds.

Further, we find that the court should have granted the plaintiff an interim award of attorney's fees. "[S]uch fees are properly awarded in order to enable the movant to prosecute or defend the action, or to carry out necessary disclosure, as the case may be" *(Bernstein v Bernstein,* 143 AD2d 168, 170). Considering the disparity in the parties' financial status and the relative simplicity of this case, an award of $5,000 is appropriate *(see, McLaughlin v McLaughlin,* 143 AD2d 981; *Waldeck v Waldeck,* 138 AD2d 373).

Finally, we find that the court correctly declined to issue the plaintiff an order of protection *(see, Kristiansen v Kristiansen,* 144 AD2d 441; *Peters v Peters,* 100 AD2d 900). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.