■ CAROL GREENFIELD, Appellant, v ROBERT GREENFIELD, Respondent.—In an action for a divorce and ancillary relief,

the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), entered November 3, 1989, as denied those branches of her motion which were for temporary maintenance and to compel the defendant husband to provide medical and dental insurance, pay for unreimbursed medical expenses, and pay the mortgage and carrying charges on the marital residence pendente lite.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff wife's claims, we find that the court acted within its discretion in declining to award her temporary maintenance. The record reveals that, at the time of the application, the wife was the part owner of a business and the husband, who had worked at that business prior to the separation, was not regularly employed. Because of the wife's superior financial resources, the court correctly determined that an award of temporary maintenance was not necessary (see, Friedman v Friedman, 163 AD2d 461; Salerno v Salerno, 142 AD2d 670; LoMuscio-Hamparian v Hamparian, 137 AD2d 500; Stern v Stern, 106 AD2d 631).

For similar reasons, the court correctly declined to direct the husband to pay the carrying charges on the marital residence, provide medical or dental insurance, or pay for unreimbursed medical expenses. We note that the best remedy for any inequities in pendente lite orders is a speedy trial (see, Bernstein v Bernstein, 143 AD2d 168; Gastineau v Gastineau, 127 AD2d 629). Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.