■ HARVEY ARNOFF, Respondent, v PIA LORIO, Formerly Known as PIA ARNOFF, Appellant. [618 NYS2d 218] —In a matrimonial action, the defendant appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 4, 1993, as granted the branch of the plaintiff's motion which was to strike the answer pursuant to CPLR 3126.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon our review of the record, we agree with the Supreme Court that the defendant's failure to appear for a deposition, despite two previous court orders compelling her to do so, was willful and contumacious. Thus, the court was justified in striking the answer (see, CPLR 3126 [3]; Fucci v Fucci, 166 AD2d 551). Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.

■ CYRIL BAINES et al., Appellants, v DANIEL M. SHAPIRO, Respondent. [618 NYS2d 238] —In an action to enforce the terms of a dissolution agreement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Levitt, J.) dated November 14, 1991 which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Levitt at the Supreme Court. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.

■ BARBARA BLUMBERG, as Administratrix of the Estate of BRIAN F. BLUMBERG, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 84026.) [618 NYS2d 237] —In a claim to recover damages for personal injuries and wrongful death, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered April 16, 1993, which denied her motion to vacate the dismissal of her claim.

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, we find that the Court of Claims did not improvidently exercise its discretion in denying the claimant's motion to vacate the dismissal of her claim, because the claimant offered no reasonable excuse for failing to appear for a scheduled conference and failed to demonstrate that she had a meritorious cause of action (see, 22 NYCRR 206.10 [k]; Putney v Pearlman, 203 AD2d 333; Matter of Raymond Anthony A., 192 AD2d 529). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.