■ RUBY DILLON, Respondent, v WALLACE DILLON, Appellant. [636 NYS2d 103] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of an order of the Supreme Court, Suffolk County (Berler, J.), dated June 10, 1993, which, *inter alia,* (a) directed that "all financial issues are deemed resolved in accordance with [the] plaintiff's claims unless [the] defendant pay[s] any amounts outstanding on that portion of the order of this Court dated June 4, 1992 (Leis, J.), which directed [the] defendant to pay interim accountant's fees in the sum of $1750", and (b) referred the branch of the defendant's cross motion which was to compel the plaintiff to contribute to the upkeep of certain marital real property to the trial court for determination.

Ordered that the order is affirmed insofar as appealed from, without costs and disbursements.

Under the circumstances of this case, the provision of the order providing for sanctions if the defendant failed to comply with a prior court order did not constitute an improvident exercise of discretion (*see,* CPLR 3126; *Hubbard v Hubbard,* 113 Misc 2d 763; *see also, Serdaroglu v Serdaroglu,* 209 AD2d 606; *Arnoff v Lorio,* 208 AD2d 581; *Kivo v Kivo,* 193 AD2d 585; *Adinolfi v Adinolfi,* 168 AD2d 401).

In light of the parties' conflicting allegations relating to their respective financial conditions, it was also an appropriate exercise of discretion to refer all of the financial issues related to the carrying costs associated with certain marital real property to the trial court since a speedy trial will provide the best remedy (*see, Greenfield v Greenfield,* 173 AD2d 592, 593; *Coons v Coons,* 161 AD2d 924; *Carbone v Carbone,* 119 AD2d 619, 620).

The defendant's remaining contentions are without merit. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.