OPINION OF THE COURT
Memorandum.
Order affirmed.
*749 The information charging defendant with harassment in the second degree and criminal contempt in the second degree contained the following factual allegations:
“the DEPONENT IS INFORMED BY GINA MOFFETT, THAT AT THE ABOVE TIME AND PLACE, THE DEFENDANT DID ENGAGE IN A VERBAL DISPUTE WITH INFORMANT AND DID CALL INFORMANT A FUCKING BITCH AND A WHORE. DEPONENT IS FURTHER INFORMED BY INFORMANT THAT WHEN INFORMANT LEFT THE ABOVE LOCATION TO PREVENT FURTHER CONFRONTATION WITH DEFENDANT, DEFENDANT DID FOLLOW INFORMANT AND TRY TO CONTINUE THE VERBAL DISPUTE, CAUSING INFORMANT TO BECOME SERIOUSLY ALARMED AND SERVING NO LEGITIMATE PURPOSE.
“DEPONENT IS FURTHER INFORMED BY INFORMANT THAT A LIMITED ORDER OF PROTECTION WAS ISSUED BY JUDGE CROSS ON NOVEMBER 6, 1996, EFFECTIVE UNTIL NOVEMBER 5, 1997 ON DOCKET NO. 96KO73170 ORDERING DEFENDANT TO REFRAIN FROM ASSAULT, HARASSMENT, MENACING, RECKLESS ENDANGERMENT, DISORDERLY CONDUCT, INTIMIDATION, THREATS, OR ANY CRIMINAL OFFENSE AGAINST INFORMANT. DEPONENT IS FURTHER INFORMED BY INFORMANT THAT DEFENDANT SIGNED SAID ORDER OF PROTECTION IN COURT ON NOVEMBER 6, 1996.
“DEPONENT IS FURTHER INFORMED BY INFORMANT that informant’s THREE YEAR OLD CHILD, SHAKEIRA HOGAN (DOB: 4/6/93) WAS PRESENT DURING THE ABOVE INCIDENT.”
A corroborating affidavit of the complainant and a copy of the temporary order of protection were annexed to the information. (A charge of endangering the welfare of a child was dismissed and the dismissal is not challenged on appeal.)
We agree with the court below that the accusatory instrument failed to contain facts supporting the allegation that the defendant engaged in a “course of conduct,” since there is no factual detail as to the manner in which he tried to continue the verbal dispute (see, People v Sullivan, NYLJ, Mar. 12, 1997, at 29, col 5 [App Term, 9th & 10th Jud Dists]). We also note that the use of abusive language would not support a conviction of harassment (see, People v Dietze, 75 NY2d 47).
In view of the failure of the accusatory instrument to set forth facts supporting the charge of harassment, defendant cannot be held to have violated the protective order on this ground. We also disagree with the contention of the People that the defendant’s conduct constituted intimidation. Consequently, the charge of criminal contempt was also properly dismissed.