OPINION OF THE COURT
Sarah L. Krauss, J.
*196 Issue Presented
Defendant moves to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (a) on the ground that it is facially insufficient.
Defendant is charged with criminal contempt in the second degree (Penal Law § 215.50 [3]).
In determining this motion the court has considered the factual allegations in the accusatory instrument, the underlying order of protection, defendant’s motion papers and the People’s response.
Factual Background
The People allege, by way of a superceding information, served and filed on August 20, 1999, that:
“on or about August 7, 1999, at approximately 11:25 p.m. at South 1st and Union Avenue, County of Kings, State of New York * * * defendant did engage in the following conduct: intentional disobedience of a lawful process or other mandate of the court.
“Deponent is informed [by] Marangellie Garcia that at the above time and place, the informant observed the defendant drive past informant on a motorcycle, informant observed the defendant make a U-turn and park across from informant, and the defendant then stared at informant, causing informant to become annoyed and alarmed.
“Deponent is further informed * * * that informant has a valid order of protection against the defendant, issued by Criminal Court Judge Melendez on June 9, 1999, under Docket Number 99K026403, which expires on December 8, 1999 and said order orders the defendant to stay away from informant, to stay away from informant’s home, school, place of business, etc., and' further, to refrain from assaulting, harassing, menacing, intimidating and threatening informant, and to further refrain from contacting informant in any way.
“Deponent is further informed by said order of protection that the defendant was present in court when the order of protection was issued and further that the defendant was advised by the court about the issuance of the order of protection.”
On August 20, 1999 the supporting deposition of the complainant, Marangellie Garcia, and a copy of the underlying order of protection were served and filed.
*197 Legal Analysis
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98 [1977].) In this case the accusatory instrument is an information.
In order for an information to be sufficient on its face it must contain evidentiary and nonhearsay factual allegations which, together with any supporting depositions, provide reasonable cause to believe that the defendant committed every element of the offense charged. (See, CPL 100.15, 100.40; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].) An information which fails to satisfy these standards is jurisdictionally defective and must be dismissed. (People v Alejandro, 70 NY2d 133.)
Criminal Contempt in the Second Degree
The defendant is charged with the offense of criminal contempt in the second degree. According to Penal Law § 215.50 (3), a person is guilty of criminal contempt in the second degree when he or she intentionally disobeys or resists the lawful process or other mandate of the court.
To establish a prima facie case of second degree criminal contempt the accusatory instrument must contain evidentiary and nonhearsay factual allegations that (1) there has been a clear and definite order issued by the court against the defendant, (2) defendant knew of the order, and (3) defendant wilfully disobeyed it. (See, Matter of Holtzman v Beatty, 97 AD2d 79 [2d Dept 1983].)
In this case the charge of criminal contempt is based on the allegation that the defendant drove past the complainant on a motorcycle, made a U-turn and then parked across from complainant and began staring, which caused the complainant to become annoyed and alarmed. The People allege that this conduct constitutes an intentional violation of an order of protection previously issued by Kings County Criminal Court Judge Melendez on June 9, 1999. This order of protection specifies that the defendant is to “stay away from” and “[rjefrain from harassing, intimidating, threatening or otherwise interfering with * * * Marangellie Garcia.”
Defendant’s counsel contends that the allegations in the accusatory instrument fail to make out a claim of contempt. In support of this argument defense counsel notes that the accusatory instrument fails to indicate the distance between the *198 defendant and complainant, and claims that the word “stare,” as used in the accusatory instrument, is interchangeable with the word “look.”
The fact that the accusatory instrument fails to indicate defendant’s proximity to claimant does not mean that the charges must be dismissed, but that a trial is needed to understand the events surrounding the alleged incident. (See, e.g., People v Erazo, NYLJ, Dec. 18, 1995, at 33, col 2 [Crim Ct, Kings County, Cross, J.] [motion to dismiss charge of criminal contempt in the second degree for facial insufficiency was denied where accusatory instrument alleged that complainant observed defendant sitting on a car parked in front of complainant’s residence].)
In addition, a motion to dismiss is not the appropriate venue for determining whether the defendant’s conduct amounted to harassing, threatening or intimidating behavior sufficient to violate the order of protection. Defense counsel’s suggestion that the word “stare” is interchangeable with “look” defies common sense. These are qualitatively two different words. Webster’s Third New International Dictionary defines the word “look” as “to ascertain by the use of one’s eyes” (at 1334 [1993]), and the word “stare” as to “fasten an earnest and prolonged gaze on an object” (at 2226 [1993]).
Defense counsel further suggests that the incident was a “chance” encounter on the street. Even if the incident began as a “chance” encounter, the allegation in the accusatory instrument, that the defendant made a U-turn after passing complainant and then parked his motorcycle across from her and began staring at her, suggests that defendant’s conduct was not merely part of a fortuitous chain of events.
In People v Gonzalez (200 AD2d 759 [2d Dept 1994]) the Court found that the evidence at trial, which showed that defendant merely walked by the complainant’s home on his way to his own home, was legally insufficient to establish that he violated the order of protection.
Because this is not a trial, however, there is no way of knowing whether the defendant had any legitimate reason for being on the same street as the complainant, whether there is any innocent explanation for the defendant’s conduct, or whether there is even any truth to the complainant’s allegations. Furthermore, the allegations in this case describe actions which appear to be less innocuous than those committed by the defendant in Gonzalez (supra).
This court is not prepared to dismiss the case at this juncture. It is a question for the trier of fact, after consideration *199 of all the evidence adduced at trial, to determine whether the defendant intentionally violated the order of protection.
Conclusion
For the foregoing reasons, the defendant’s motion to dismiss the accusatory instrument for facial insufficiency pursuant to CPL 170.30 (1) (a) is denied.