OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law *293 and information dismissed.
The information sets forth the following allegations: “deponent, TAGEWATTIE INDAR, STATES THAT AT THE ABOVE-MENTIONED DATE, TIME AND PLACE OF OCCURRENCE, THE DEFENDANT, INDA-JEET RAMNERINE, DID YELL AND SCREAM OSBCENITIES [stc] AT HER, HUNG UP THE PHONE WHEN SHE ATTEMPTED TO CALL THE POLICE PLACING THE COMPLAINANT IN FEAR OF PHYSICAL INJURY. DEPONENT STATES FURTHER THAT THE DEFENDANT’S ACTIONS CAUSED HER ANNOYANCE AND ALARM. DEPONENT STATES FURTHER THAT THE ABOVE-DESCRIBED ACTIONS VIOLATED A VALID KINGS COUNTY SUPREME COURT (MATRIMONIAL TERM) ORDER OF PROTECTION ISSUED BY THE HONORABLE JUDGE WILLIAM RIGLER, INDEX NUMBER 41253/97, ON JANUARY 13, 1998 WHICH IS IN EFFECT UNTIL APRIL 13, 1998 AND WHICH STATES AMONG OTHER THINGS THAT THE DEFENDANT IS TO REFRAIN FROM ASSAULT, HARASSMENT, MENACING, RECKLESS ENDANGERMENT, DISORDERLY CONDUCT, INTIMIDATION, THREATS OR ANY CRIMINAL OFFENSE AGAINST TAGEWATTIE INDAR. DEPONENT STATES FURTHER THAT THE ORDER OF PROTECTION WAS ISSUED TO HER IN COURT WHEN BOTH PARTIES WERE PRESENT AND THAT THE ORDER OF PROTECTION IS SO MARKED.”
In our opinion the allegation that defendant yelled and screamed “obscenities” is conclusory rather than factual and thus fails to provide reasonable cause to believe that defendant entertained the requisite intent to “harass, annoy or alarm” (Penal Law § 240.26; CPL 100.15). The further allegation that defendant hung up the telephone to prevent her from calling the police, whether taken in isolation or in conjunction with the allegations involving the use of obscenities, cannot remedy the defect. In view of the foregoing, the ancillary charge of criminal contempt in the second degree must also fall.
Kassoff, P. J., Scholnick and Chetta, JJ., concur.