OPINION OF THE COURT
Conrad D. Singer, J.
*419 By petition dated August 10, 2007, petitioner alleged respondent committed the acts of aggravated harassment and harassment toward petitioner. The Honorable Philip M. Grella of this court issued a temporary order of protection directing the respondent to stay away from petitioner while under the influence of alcohol or drugs, and directed respondent to refrain from assault, stalking, harassment and other enumerated acts against petitioner. That temporary order of protection is still in effect. Respondent wife then brought the within motion to dismiss petitioner’s family offense petition.
In the family offense petition, the petitioner states that on or about August 9, 2007, at about 5:00 p.m., respondent called the petitioner a “fat f**k,” pointed a finger in his face and was “taunting” him about a family wedding in Florida. Another allegation indicates that petitioner slapped respondent’s hand away from his face, but hit a wall and broke his own hand. The majority of the remaining allegations are general in nature, indicating the parties have marital problems, that respondent has been an alcoholic for the last 10 years and that when she drinks she becomes “verbally abusive” to petitioner and the children. In fact, the petitioner alleges, after a fight between respondent and a child, the child made a suicide attempt.
Motion to Dismiss
The wife alleges, in her motion, that the allegations contained in the family offense petition, even if true, would not constitute family offenses. Family Court Act § 812 (1) defines a family offense as those acts that would constitute
“disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, stalking in the first degree, stalking in the second degree, stalking in the third degree, stalking in the fourth degree, criminal mischief, menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or former spouses, or between parent and child or between members of the same family or household.”
Pursuant to Family Court Act § 821 (1) (a), a petition alleging a family offense has occurred must at least allege that the respondent behaved in a way that would constitute one of the delineated acts in Family Court Act § 812.
*420 The petitioner accuses the respondent of acts which constitute “aggravated harassment in the second degree, harassment in the first degree and harassment.” There are no allegations contained in the petition which meet any definition of aggravated harassment in the second degree. The court is unsure what the act “harassment” with an unspecified degree refers to. The court will assume the petitioner is alleging harassment in the first degree and harassment in the second degree. Even with such an assumption, the allegations in the petition fail to rise to the level of a family offense.
Pursuant to Penal Law § 240.25, a person commits harassment in the first degree when
“he or she intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury. This section shall not apply to activities regulated by the national labor relations act, as amended, the railway labor act, as amended, or the federal employment labor management act, as amended.”
Pursuant to Penal Law § 240.26 (1) and (3), a person is guilty of harassment in the second degree when
“with intent to harass, annoy or alarm another person:
“1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or . . .
“3. He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.”
There is nothing in the petition alleging respondent subjected petitioner to any form of physical contact, nor does the petition allege the respondent follows the petitioner in public (or private) places. Therefore, the only remaining area of analysis is whether respondent engaged in a course of conduct which put petitioner in reasonable fear of physical injury (harassment in the first degree), or whether respondent engaged in a course of conduct which alarmed or seriously annoyed petitioner and which served no legitimate purpose (harassment in the second degree).
It is clear by calling petitioner a “fat f**k” and pointing a finger in his face, respondent meant to harass, annoy or alarm *421 petitioner. However, this describes an isolated incident, not a course of conduct. (People v Hogan, 172 Misc 2d 279 [Crim Ct, Kings County 1997], affd 181 Misc 2d 748 [App Term, 2d Dept 1998].) Further, there is no allegation in the petition that these activities failed to serve a legitimate purpose. (Id.) To the contrary, the petition itself states that the parties were arguing over a family vacation to Florida. A family vacation does indeed appear to be a legitimate topic for parents to discuss. That the discussion became an argument during which the respondent displayed some ugly behavior does not render the incident a family offense. (See People v Dietze, 75 NY2d 47 [1989].) Accordingly, these allegations do not fall within the “regular course of conduct” provision of both harassment in the first and second degrees or the “no legitimate purpose” provision of harassment in the second degree.
The petition further alleges that respondent is “verbally abusive.” However, there is no description of what this means or any description of the verbal abuse, rendering the phrase “conclusory rather than factual.” (People v Ramnerine, 184 Misc 2d 292, 293 [App Term, 2d Dept 2000].) Thus such a phrase, even if considered true, would not rise to the level of a family offense, nor could the phrase be used to buttress the other allegations in the petition without further specification. Other allegations indicate the parties have had marital problems for five years, and that respondent has been an alcoholic for 10 years. Even if true, these allegations fall under no definition of a family offense.
Petitioner also alleges that he slapped respondent’s hand away from his face, and in doing so broke his own hand. While respondent may have been doing something provocative with her hand, it was petitioner who initiated the physical contact, resulting in an injury. Petitioner cannot claim a family offense occurred where his own actions were the actual cause of his injury. (Cf. Matter of Cavanaugh v Madden, 298 AD2d 390 [2d Dept 2002].)
A very disturbing allegation in the petition is that a child “cut her wrists” after a fight with the respondent. While this cannot form the basis for a family offense, the court is hopeful that the parents stopped fighting with one another long enough to hear the obvious cry for help that such an action is by a child.
In his opposition papers to the motion, petitioner’s counsel asserts that “allegations of drinking are in and of themselves *422 sufficient to maintain this petition.” While perhaps it should be true, it is not. Two cases are cited in the hope of convincing the court that respondent’s drinking alone could form the basis of a family offense. The two cases, Matter of Leffingwell v Leffingwell (86 AD2d 929 [1982]) and Peters v Peters (100 AD2d 900 [1984]), both involved scenarios where the respondent’s drinking was in conjunction with other behavior, including physical abuse. In Leffingwell, there was physical and verbal abuse, excessive drinking and other annoying conduct resulting from respondent coming home late at night. In Peters, there was corroboration of both physical abuse and excessive drinking. Herein, the petition refers to one incident on August 9, 2007 where there was an argument and name calling, but no allegation of physical abuse or drinking. Instead, the petition simply states that respondent has been an alcoholic for the last 10 years and that she is verbally abusive when drinking. Even in the light most favorable to the petitioner, these actions do not rise to the level of a family offense.
Ordered that the petitioner’s motion to dismiss is granted; and it is ordered that the petition is dismissed and the temporary order of protection is vacated.