The People of the State of New 
 York, Respondent,
against
James Tomassi, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Sharon M.J. Gianelli, J.), rendered November 18, 2013. The judgment convicted defendant, after a nonjury trial, of criminal contempt in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant lived with his mother in Ronkonkoma, Suffolk County. They had what can best be described as a volatile relationship. On January 14, 2013, defendant pleaded guilty in District Court to criminal contempt in the second degree (Penal Law § 215.50 [3]). Suffolk County District Court Judge Chris Ann Kelley sentenced defendant to time served and three years' probation, and issued a five-year order of protection in favor of defendant's mother and against defendant, which, among other things, directed defendant to "[r]efrain from assault, . . . harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct . . . [or] threats of any criminal offense against" defendant's mother, and to "[r]efrain from . . . acts of violence or threats of such that create an unreasonable risk to the health, safety or welfare of" defendant's mother. Following an incident on March 23, 2013, the People charged defendant with robbery in the third degree (Penal Law § 160.15) and criminal contempt in the first degree (Penal Law § 215.51 [c]). These charges were reduced to the misdemeanors of menacing in the third degree (Penal Law § 120.15) and criminal contempt in the second degree (Penal Law § 215.50 [3]). The People subsequently consented to the dismissal of the menacing charge.
At a nonjury trial, two prosecution witnesses testified that, on March 23, 2013, they observed defendant and his mother on Newbridge Road in East Meadow, Nassau County, across the street from a Walmart parking lot, and saw defendant throw his mother into a chain link fence with such force that she bounced off the fence and toppled over. Defendant also yelled at his mother in a nasty, loud, and aggressive manner. Another prosecution witness testified that defendant threw his mother's pocketbook and pushed her shopping cart into her. He also put his hands in her face. A fourth prosecution witness testified that defendant hit his mother with his right hand, striking the left side of her face, with sufficient force to move her body, and threw his mother's pocketbook at her, striking her in the chest.
At the trial, defendant's mother testified on defendant's behalf, stating that he did not physically harm her in any way, and that it was normal for them to interact with each other loudly.
Following the trial, the District Court found defendant guilty of criminal contempt in the [*2]second degree. On appeal, defendant contends that the verdict of guilt was against the weight of the evidence.
In exercising its factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), this court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. This court must first determine that an acquittal would not have been unreasonable based upon the evidence presented, and if so, whether the trial court failed to accord the evidence the weight it should have been accorded (see People v Danielson, 9 NY3d at 348; People v Zephyrin, 52 AD3d 543, 543 [2008]). In this case, the trial testimony of defendant's mother provides at least a basis for a finding that an acquittal would not have been unreasonable.
Criminal contempt in the second degree does not require physical contact or the threat of physical contact (see People v Lewis, 5 NY3d 546, 550 n 6 [2005] ["First-degree criminal contempt is more serious" than second degree criminal contempt "because it contemplates physical contact or attempted physical contact"]). In pertinent part, Penal Law § 215.50 (3) provides that a person is guilty of criminal contempt in the second degree when he engages in "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court" (People v Sylla, 7 Misc 3d 8, 11 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
Defendant appears to argue that the testimony of the prosecution's witnesses should not be believed because they did not testify to the exact same physical manifestations of defendant's conduct. However, we find that this was a fluid situation in which the witnesses saw portions of defendant's violent conduct against his mother. We reject defendant's contention that the testimony was inconsistent, and find that the evidence established that defendant committed substantially all of the testified to violent acts against his mother, in violation of the order of protection.
Defendant does not dispute that there was a valid order of protection in effect and that he was aware of its contents. The offense of which he was convicted requires only that he intentionally disobey that order, and the intent to do so is readily inferable from his conduct, in that he physically struck his mother several times, hitting her, shoving her, and pushing her shopping cart into her. The fact that defendant may have committed these acts in a fit of anger against his mother does not negate the intentional nature of the acts, which violated the order of protection (cf. People v Chifrine, 36 Misc 3d 137[A], 2012 NY Slip Op 51437[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; People v Messina, 28 Misc 3d 138[A], 2010 NY Slip Op 51465[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Hogan, 172 Misc 2d 279 [Crim Ct, Kings County 1997], affd 181 Misc 2d 748 [App Term, 2d Dept, 2d & 11th Jud Dists 1998]). Under the facts of this case, we find the verdict of guilt was not against the weight of the evidence (see People v Ubbink, 120 AD3d 1574, 1575 [2014]; People v Morillo, 104 AD3d 792, 793 [2013]; People v Cortese, 79 AD3d 1281, 1282-1283 [2010]; People v Samuels, 13 Misc 3d 137[A], 2006 NY Slip Op 52213[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). 
Accordingly, the judgment of conviction is affirmed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: May 23, 2017