■ JOAN WALDECK, Respondent, v HENRY J. WALDECK, Appellant.—In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated June 15, 1987, as (a) granted the plaintiff wife exclusive occupancy of the marital residence, pendente lite, and (b) awarded the plaintiff an interim counsel fee in the sum of $1,500.

Ordered that the order is modified, on the law and the facts, by deleting so much thereof as granted the branch of plaintiff's motion that sought exclusive possession of the marital residence, pendente lite, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance therewith; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In view of the conflicting affidavits and the plaintiff's failure to submit corroborating evidence sufficient to demonstrate that such an award was necessary in order to protect the safety of persons or property, the court erred in granting the plaintiff exclusive occupancy, pendente lite, without a hearing (see, Blumenfeld v Blumenfeld, 96 AD2d 895; Harkavy v Harkavy, 93 AD2d 879). There was no evidence of police intervention or outstanding orders of protection, nor were there any affidavits by third parties substantiating the plaintiff's allegations although many of the incidents complained of took place in the presence of third parties.

The award of counsel fees was a proper exercise of the court's discretion in light of the plaintiff's financial need and the parties' disparate financial situations (see, Palmer v Palmer, 76 AD2d 905; Hinden v Hinden, 122 Misc 2d 552).

The issues in this case are not complex and an early trial of the entire case would obviate the need for holding a separate hearing solely on temporary exclusive occupancy. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.