SECOND DEPARTMENT, APRIL, 1993

(April 5, 1993)

■ BARBARA BEIL, Respondent, v SHELDON BEIL, Appellant. [596 NYS2d 433] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated February 1, 1991, as granted that branch of the plaintiff wife's motion which was for pendente lite maintenance to the extent of directing him to keep sufficient funds in the wife's checking account to allow her to draw up to $9,000 per month.

Ordered that the order is modified, as a matter of discretion, by deleting therefrom that provision which directed the defendant husband to keep sufficient funds in the wife's checking account to allow her to draw up to $9,000 per month, and substituting therefor a provision directing the defendant husband to keep sufficient funds in the wife's checking account to allow her to draw up to $5,000 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As this Court has frequently observed, pendente lite awards should be "an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse", determined with due regard for the preseparation standard of living *(Polito v Polito,* 168 AD2d 440, 441, citing *Shapiro v Shapiro,* 163 AD2d 294). Although a speedy trial is the preferred method by which to remedy any perceived inequities in a pendente lite award *(see, Gianni v Gianni,* 172 AD2d 487; *Barasch v Barasch,* 166 AD2d 399), relief may be granted on appeal where justice so dictates *(see, Rosenthal v Rosenthal,* 173 AD2d 453; *Wesler v Wesler,* 133 AD2d 627). Taking into consideration the standard of living previously enjoyed by the parties, the parties' respective financial conditions, and the wife's reasonable needs, we find that the temporary maintenance awarded by the Supreme Court was excessive. An award of up to $5,000 per month in temporary maintenance, together with the additional pendente lite relief awarded by the court, would represent a more appropriate accommodation between the parties' needs under the circumstances of this case, and would be sufficient to ensure that the wife maintains her prior life style *(see, Barasch v Barasch, supra; Zahr v Zahr,* 149 AD2d 504; *Bernstein v Bernstein,* 143 AD2d 168; *Match v Match,* 134 AD2d 210). Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.