■ VERA KESSLER, Appellant, v JEROME KESSLER, Respondent. [600 NYS2d 253] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated March 22, 1991, as denied that branch of her motion which was for pendente lite maintenance.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, that branch of the plaintiff's motion which was for pendente lite maintenance is granted to the extent of awarding her pendente lite maintenance in the sum of $500 per week retroactive to March 5, 1990, and the matter is remitted to the Supreme Court, Kings County, for a determination as to arrears.

The plaintiff wife and the defendant husband were married in 1962, and have two adult children. Prior to the parties' separation, the husband operated a profitable plumbing and contracting company, which, according to a financial statement prepared by his accountant, was valued at $400,000, and generated a gross income of $5,000,000 per year. During the marriage, the husband also invested in real estate, and his assets have been appraised at a value exceeding $4,000,000.

After a separation agreement executed by the parties was set aside as unconscionable, the wife commenced this action seeking a divorce and ancillary relief. The wife thereafter moved for temporary maintenance, alleging that she was unemployed and had exhausted the proceeds of a $100,000 second mortgage placed on the marital residence. The Supreme Court denied her pendente lite maintenance, and she now appeals.

As we have frequently observed, pendente lite awards should be " 'an accommodation between the reasonable needs of the moving spouse, and the financial ability of the other spouse' ", and are to be determined with due regard for the preseparation standard of living (Beil v Beil, 192 AD2d 498, 499, quoting from Polito v Polito, 168 AD2d 440, citing Shapiro v Shapiro, 163 AD2d 294). While, as a general rule, the proper remedy for perceived inequities in an order of support pendente lite is to press for a speedy trial (see, Gianni v Gianni, 172 AD2d 487; Barasch v Barasch, 166 AD2d 399), the rule is not ironclad when the award is deficient, and relief may be granted on appeal where justice so dictates (see, Beil v

*Beil, supra; Polito v Polito, supra).* A review of the wife's expenses and the admitted income and assets of both parties leads us to conclude that an award of temporary maintenance is necessary to enable the wife to meet her reasonable needs. We thus award her the sum of $500 per week in pendente lite maintenance, which we find to represent an appropriate accommodation between the parties' needs under the circumstances of this case. Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.