■ DOLORES M. RAGUSA, Appellant, v ANTHONY A. CAPE-TOLA, Respondent. [604 NYS2d 263] —In an action, *inter alia,* to enforce a separation agreement, the plaintiff appeals, as limited by her briefs, (1) from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated June 12, 1991, as granted the plaintiff's motion to vacate her default in serving a reply to the defendant's counterclaims on the condition that she pay $2,000 in costs to the defendant's attorney, and (2) from so much of an order of the same court, dated October 7, 1991, as denied the plaintiff's motion for *pendente lite* relief.

Ordered that the order dated June 12, 1991, is modified so as to reduce the award of costs to $250; as so modified, the order is affirmed insofar as appealed from, and the order dated October 7, 1991, is affirmed insofar as appealed from, with one bill of costs payable by the appellant.

The plaintiff commenced this action against the defendant seeking, *inter alia,* arrears in the child support the defendant was obligated to pay under the terms of the parties' separation agreement and for an increase in the amount of child support. The defendant counterclaimed, and the plaintiff failed to serve a timely reply to the counterclaims. The plaintiff then moved for an extension of time to file a reply. The motion was granted by the court on the condition that the plaintiff pay $2,000 to the defendant's attorney.

We find that, under the circumstances, $250 would be a more appropriate award of costs.

Further, the court did not err in denying the plaintiff's motion for *pendente lite* child support under the circumstances of this case. Though a factual question was raised as to whether the defendant was fulfilling his child support obligations, there was an inadequate showing that the chil-

dren's needs were not being met. We find that these issues would best be resolved at trial. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.