■ DOLORES J. O'CONNOR, Appellant, v ROBERT J. O'CONNOR, Respondent. [616 NYS2d 211] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated December 7, 1992, as denied those branches of her motion which were for pendente lite child support and pendente lite counsel fees.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the wife's contention, the Supreme Court did not err in denying her pendente lite child support. It is well settled that pendente lite awards are designed to ensure that a needy spouse is provided with funds for his or her support and reasonable needs and those of the children in his or her custody (see, *Walker v Walker*, 193 AD2d 730; *Shapiro v Shapiro*, 163 AD2d 294), and that a speedy trial is the best remedy for perceived inequities in such awards (see, *Beil v Beil*, 192 AD2d 498; *Greenfield v Greenfield*, 173 AD2d 592). In the case before us, the court granted the wife's pendente lite motion to the extent of directing the defendant husband to pay the parties' home equity loan, and all carrying charges on the marital residence, including taxes, insurance, utilities, telephone, and cable television. Additionally, the husband was directed to pay the parties' outstanding credit card debt, excluding the wife's American Express card debt, to maintain health insurance for the benefit of the wife and children, and to pay all necessary unreimbursed medical, dental, orthodontic, and pharmaceutical expenses for the wife and children. Moreover, the wife obtained employment while her application for pendente lite child support was pending. Under these circumstances, the pendente lite relief awarded by the court was sufficient to meet the reasonable needs of the children and wife during the pendency of the action (see, *Ragusa v Capetola*, 199 AD2d 311; *George v George*, 192 AD2d 693). Given the conflicting affidavits submitted by the parties, we see no reason to substitute our discretion for that of the Supreme Court. These issues would be best resolved at trial, where the financial circumstances of the parties can be fully

explored *(see, Ragusa v Capetola, supra; Roach v Roach,* 193 AD2d 660).

We further find that it was not an improvident exercise of discretion for the Supreme Court to defer the wife's application for attorneys' fees to the trial court *(see, O'Brien v O'Brien,* 66 NY2d 576, 590; *Nolfo v Nolfo,* 188 AD2d 451). Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.