■ BARBARA BAGNER, Respondent, v JEROME BAGNER, Appellant. [615 NYS2d 737] —In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Brucia, J.) dated June 30, 1992, which, *inter alia,*

granted the plaintiff wife's motion for pendente lite relief to the extent of awarding her temporary maintenance in the sum of $350 per week, temporary child support of $450 per week, carrying charges and expenses on the marital residence including unlimited telephone charges, all unreimbursed or uninsured psychological expenses, including the cost of the plaintiff's past and future counselling, counsel fees of $7,500, and expert fees of $5,000, and issued an order of protection.

Ordered that the order is modified, as a matter of discretion, by, (1) reducing maintenance to $225 per week, (2) reducing child support to $125 per week for each unemancipated child, (3) adding provisions limiting the defendant's responsibility for the payment of telephone charges to $125 per month, and his responsibility for the payment of the plaintiff's future uninsured psychiatric sessions to one session per week, and (4) deleting the provision thereof which awarded the plaintiff an order of protection, and substituting therefor a provision denying that branch of her motion which was for an order of protection; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It should be observed that the general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (see, Gianni v Gianni, 172 AD2d 487; Barasch v Barasch, 166 AD2d 399), and that a pendente lite award will rarely be modified by an appellate court and then only under exigent circumstances such as where a party is unable to meet his or her financial obligations or justice otherwise requires (see, Raniolo v Raniolo, 185 AD2d 974; Suydam v Suydam, 167 AD2d 752). A pendente lite award should be "an accommodation between the reasonable needs of the moving spouse, and the financial ability of the other spouse" with due regard for the pre-separation standard of living (see, Kessler v Kessler, 195 AD2d 501; Beil v Beil, 192 AD2d 498; Raniolo v Raniolo, 185 AD2d 974, supra; Polito v Polito, 168 AD2d 440).

Upon review of the husband's income and the parties' expenses, and considering that the husband must pay all carrying charges on the marital residence, we find that the pendente lite award of the Supreme Court should be modified as follows: (1) child support is reduced to the sum of $125 per week for each unemancipated child (see, O'Connor v O'Connor, 207 AD2d 334; Krantz v Krantz, 175 AD2d 863, 864), (2) the temporary maintenance payments shall be reduced to $225 per week, (3) the defendant's responsibility for the

payment of household telephone charges is limited to $125 per month, and (4) the defendant's responsibility for the payment of the plaintiff's future uninsured psychiatric sessions is limited to one session per week.

In addition, in the absence of any corroborative evidence of the plaintiff's allegations or any hearing on the issue, we find that the order of protection should be vacated (see, *Kurppe v Kurppe,* 147 AD2d 533; *Waldeck v Waldeck,* 138 AD2d 373; *Peters v Peters,* 100 AD2d 900).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.