■ PENNY NOVICK, Respondent, v MARK NOVICK, Appellant. [674 NYS2d 87] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated May 19, 1997, as (1) directed him to pay interim child support in the amount of $1,000 per week, all of the carrying charges on the marital residence, and all credit card debt in the amount of $3,500 per month, and (2) enjoined the parties from selling or otherwise disposing of the martial assets.

Ordered that the order is modified, as a matter of discretion, by (1) deleting the provision thereof enjoining the parties from selling or otherwise disposing of the marital assets, and (2) deleting the provision thereof directing the defendant to pay interim child support in the amount of $1,000 per week, all of the carrying charges on the marital residence, and all credit card debt in the amount of $3,500 per month, and substituting therefor a provision directing the defendant to pay $9,500 per month in interim child support; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

A speedy trial is ordinarily the proper remedy to rectify inequities in an order directing the payment of temporary maintenance and child support (*see, Young v Young*, 245 AD2d 560; *Wallach v Wallach*, 236 AD2d 604). However, a pendente lite award may be modified to ensure that the award is an accommodation between the reasonable needs of the moving spouse and the financial ability of the non-moving spouse (*see, Kessler v Kessler*, 195 AD2d 501). When the pendente lite award is so prohibitive that the payor spouse is prevented from meeting his or her own financial obligations, relief may be granted (*see, Wesler v Wesler*, 133 AD2d 627).

Here, the court awarded the plaintiff almost twice the amount of relief that she had requested, an amount which, on the face of the record, exceeds the defendant's gross income. In addition, the plaintiff has substantial income and assets of her own, far exceeding those of the defendant. We find that interim child support in the amount of $9,500 per month represents the defendant's relative share of the children's expenses, as estimated by the plaintiff, including carrying charges on the home. Given the extensive financial assets of the plaintiff, she has no other reasonable needs which must be provided for by the defendant pending trial (*see, Kessler v Kessler, supra*).

Additionally, although the Supreme Court has the power to issue preliminary injunctions aimed at the preservation of the marital assets pending equitable distribution (*see, Leibowits v Leibowits*, 93 AD2d 535), due process requires that a party so enjoined receive notice that the court will consider such a remedy (*see, Monroe v Monroe*, 108 AD2d 793). No such notice was given. Accordingly, the blanket injunction against the parties was improper. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.