■ JAMES KYRIAZIS, Appellant, v ROSEANNE KYRIAZIS, Respondent. [687 NYS2d 723] —In an action for a divorce and ancillary relief, the husband appeals from an order of the Supreme Court, Queens County (Flug, J.), entered February 10, 1998, which denied his motion to vacate an order of the same court entered November 26, 1997, upon his default in timely opposing the wife's motion for pendente lite relief, to vacate the default, and for a hearing on the merits.

Ordered that the order entered February 10, 1998 is modified, on the law, the facts, and as a matter of discretion, by (1) deleting the provision thereof which denied that branch of the husband's motion which was to vacate his default and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof which denied that branch of the husband's motion which was to vacate so much of the order entered November 26, 1997, as awarded the wife pendente lite child support in the amount of $300 per week for each child, and substituting therefor a provision granting that branch of the motion and, upon vacatur, awarding the wife pendente lite child support in the amount of $200 per week for each child; as so modified, the order is affirmed, without costs or disbursements.

That branch of the husband's motion which was to vacate his default should have been granted because he established both a reasonable excuse for his default and a meritorious defense (see, Sayagh v Sayagh, 205 AD2d 678). This Court had adopted a liberal policy with respect to vacating defaults in matrimonial actions (see, e.g., D'Alleva v D'Alleva, 127 AD2d 732, 734; Lucas v Lucas, 109 AD2d 781; Ray v Ray, 108 AD2d 905; Antonovich v Antonovich, 84 AD2d 799; Pisano v Pisano, 71 AD2d 670; Levy v Levy, 67 AD2d 998). Here, the record supports the husband's assertion that the wife's pendente lite motion was adjourned for three weeks on consent, and that he at no time agreed to accept a "default" if he did not provide his responding papers by a specific date. Furthermore, the husband

adequately established a meritorious defense in his opposing affidavit, in which, *inter alia,* he contradicted in detail the wife's computation of her monthly expenses, as well as her estimate of his income (*see, e.g., Anamdi v Anugo,* 229 AD2d 408).

Because the record supports the husband's contention that the pendente lite award will leave him with insufficient income to meet his own financial obligations, the husband's child support obligation should be reduced to $200 per week for each child. Although in determining a pendente lite award a court need not base child support upon the Child Support Standards Act guidelines (*see,* Domestic Relations Law 236 [B] [7]; *George v George,* 192 AD2d 693), we note that the instant award of $300 per week for each child is in excess of the amount that would be required by the guidelines. Additionally, the court did not explain how it arrived at the child support figure. The order awarding the wife pendente lite relief is devoid of any analysis of the parties' pre-separation standard of living, or their current resources and reasonable needs, including the husband's need to meet his own living expenses (*see, e.g., Stanton v Stanton,* 211 AD2d 781; *Fascaldi v Fascaldi,* 209 AD2d 576; *Bagner v Bagner,* 207 AD2d 367; *Beil v Beil,* 192 AD2d 498; *Raniolo v Raniolo,* 185 AD2d 974).

The remedy for the remaining inequities perceived by the husband in the pendente lite award is a speedy trial (*see, Verderame v Verderame,* 247 AD2d 609; *Gianni v Gianni,* 172 AD2d 487). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.