■ LINDA COHEN, Respondent, v MARVIN COHEN, Appellant. [730 NYS2d 343] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Flug, J.), dated May 15, 2000, which, *inter alia,* awarded child support, directed him to contribute to the college expenses of the parties' son, Adam, and awarded the plaintiff wife an interim attorney's fee.

Ordered that the order is modified by (1) deleting the provision thereof awarding child support in the amount of $2,062.46 per month retroactive to March 27, 2000, and substituting therefor a provision awarding child support in the amount of $1,758.47 per month retroactive to April 4, 2000, and (2) deleting the provisions thereof directing the defendant to contribute to the college expenses of the parties' son, Adam, and to pay the plaintiff an interim attorney's fee; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

A speedy trial is ordinarily the proper remedy to rectify inequities in temporary maintenance and child support (*see, Young v Young,* 245 AD2d 560; *Wallach v Wallach,* 236 AD2d 604). However, a pendente lite award may be modified to accommodate the reasonable needs of the moving spouse and the financial ability of the non-moving spouse (*see, Kessler v Kessler,* 195 AD2d 501). When a pendente lite award is so prohibitive that the payor spouse is prevented from meeting his or her own financial obligations, relief may be granted (*see, Novick v Novick,* 251 AD2d 385; *Wesler v Wesler,* 133 AD2d 627).

The Supreme Court erred when it directed the husband to pay both child support and the carrying charges on the marital residence, because this resulted in a double shelter allowance (*see, Krantz v Krantz,* 175 AD2d 863, 865; *cf., Lenigan v Lenigan,* 159 AD2d 108, 111). To arrive at a just and appropriate award, a reduction in the monthly child support allowance from $2,062.46 to $1,758.47 is necessary. Taking into consideration all of the relevant factors, we arrive at this amount by subtracting the total amount of the annual carrying charges of $14,590.92 from the husband's gross income of $98,997.46 ($107,040.33 minus Social Security taxes of $4,501.20 and New

York City income tax of $3,541.67), resulting in $84,406.54. Applying the formula in the Child Support Standards Act (see, Domestic Relations Law § 240 [1-b]), 25% (for two children) of $84,406.54 results in an annual child support award of $21,101.64, or $1,758.47 per month. Moreover, because there was no evidence in the record to suggest that the wife's order to show cause was filed prior to April 4, 2000, the Supreme Court erred in making the child support order retroactive to March 27, 2000 (see, Domestic Relations Law § 236 [B] [7] [a]; see also, Jablonski v Jablonski, 275 AD2d 692).

In view of the facts and circumstances of this case, including the financial situation of the parties, the award of an interim attorney's fee was an improvident exercise of discretion (see, Domestic Relations Law § 237 [a] [5]; DeCabrera v Cabrera-Rosete, 70 NY2d 879; cf., Kesten v Kesten, 234 AD2d 427). Under the additional circumstances of this case, where the parties previously provided for the college expenses of their son Adam through the use of funds from two Citibank accounts and a zero-coupon bond totalling approximately $57,500, the court's direction to the husband to contribute to Adam's college expenses was not proper (cf., Domestic Relations Law § 240 [1-b] [c] [7]; Manno v Manno, 196 AD2d 488). Goldstein, J. P., McGinity, Luciano and Crane, JJ., concur.