■ MARY R. DAVEY, Respondent, v PETER F. DAVEY, Appellant. [740 NYS2d 378] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scancarelli, J.), dated December 14, 2000, as granted those branches of the motion of the plaintiff wife which were for child support in the sum of $1,666.66 per month for the parties' two minor children, college expenses for the parties' two minor children, and $2,000 per month for maintenance, and directed him to pay the parties' home equity loan.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of those branches of the motion in accordance herewith, which shall be made with all deliberate speed; and it is further,

Ordered that pending the new determination, the defendant husband shall continue to pay the home equity loan, and child support in the sum of $1,666.66 per month until April 14, 2002, when the parties' child Kristina reaches the age of 21 years, and thereafter $1,133.33 per month child support for the parties' youngest child.

It is well settled that pendente lite awards "should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse * * * and they are to be determined with due regard for the preseparation standard of living" (Wallach v Wallach, 236 AD2d 604, 605). A speedy trial is generally the proper remedy for a perceived inequity in a pendente lite award (see, Wallach v Wallach, supra). However, the defendant husband was granted

a new trial with respect to fault (*see Davey v Davey*, 293 AD2d 444 [decided herewith]). Further, a pendente lite award may be modified when it is "so prohibitive that the payor spouse is prevented from meeting his or her own financial obligations" (*Novick v Novick,* 251 AD2d 385; *see Stanton v Stanton,* 211 AD2d 781).

The pendente lite award was entered without analysis of the parties' reasonable needs, including the husband's need to meet his own living expenses, and the wife's current income and ability to earn income (*see Kyriazis v Kyriazis,* 260 AD2d 447). As part of her monthly expenses, the wife declared over $5,000, constituting minimum payments of credit card debt for "general household" and "clothing" expenses. The record does not indicate whether these debts were legitimate marital debts, or constituted waste of marital assets. Similarly, there is no evidence in the record as to what the home equity loan was for.

In view of the foregoing, the order is reversed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for a new determination, which shall be made with all deliberate speed. Pending that new determination, the husband should continue to pay the home equity loan and child support of $1,666.66 per month until April 14, 2002, when one of the parties' two minor children reaches the age of 21 years, and thereafter, $1,133.33 per month, which is child support for one child, based upon 17% of $80,000 (*see* Domestic Relations Law § 240 [1-b] [b] [3]). We direct the husband to continue to pay the home equity loan so as to preserve the equity in the home as a marital asset. Santucci, J.P., Krausman, Goldstein and Adams, JJ., concur.