■ BIAGIO GUILIANO, Respondent, v RAYMOND G. CARLISLE et al., Defendants, HIGHVIEW-NYACK PROPERTIES, INC., Respondent, and LAW FIRM OF HOWARD MANN, Appellant. (And Three Third-Party Actions.) [744 NYS2d 895] —In an action, inter alia, to recover damages for breach of contract, the defendant Law Firm of Howard Mann appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), entered March 26, 2001, as granted that branch of the plaintiff's motion which was for leave to amend his complaint to add new claims against it, and granted that branch of the motion of the defendant Highview-Nyack Properties, Inc., which was for leave to amend its answer to add a new cross claim against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The determination whether to grant leave to amend a pleading is within the sound discretion of the court (*see Mayers v*

*D'Agostino,* 58 NY2d 696, 698), to be determined on a case-by-case basis. Not only is the determination to grant leave to amend discretionary, but such a determination "will not lightly be set aside" (*Beuschel v Malm,* 114 AD2d 569; *see Napoli v Canada Dry Bottling Co. of N.Y.,* 166 AD2d 696; *Ross v Ross,* 143 AD2d 429). Leave to amend a pleading should be freely given absent prejudice or surprise (*see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757). Where such pleadings are devoid of merit, leave should be denied (*see Frost v Monter,* 202 AD2d 632).

The appellant failed to establish prejudice or surprise, and the claims in the proposed amended pleadings are not devoid of merit. Therefore, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to amend his complaint to add new claims against the appellant, and properly granted that branch of the motion of the defendant Highview-Nyack Properties, Inc., which was for leave to amend its answer to add a new cross claim against the appellant.

The appellant's remaining contentions are without merit. Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.