■ DEBORAH ZIZZA, Appellant-Respondent, v SALVATORE ZIZZA, Respondent-Appellant. [762 NYS2d 590] —Order, Supreme

Court, New York County (John Stackhouse, J.), entered September 10, 2002, which, insofar as appealed from, granted defendant's motion to reargue an order, Supreme Court, New York County (Marjory Fields, J.), entered July 16, 2002, awarding plaintiff $17,000 in pendente lite monthly maintenance and, upon reargument, reduced plaintiff's maintenance from $17,000 per month to $10,200 per month, nontaxable to plaintiff and nondeductible to defendant, unanimously reversed, on the law, with costs, defendant's motion for reargument denied and the order entered July 16, 2002 reinstated. Appeal from order, same court and Justice, entered September 6, 2002, which, to the extent appealed from, granted defendant the same relief but made the reduced maintenance award nontaxable only, unanimously dismissed, without costs, as subsumed in the appeal from the September 10, 2002 order.

In this matrimonial action concerning the amount and tax consequences of plaintiff's pendente lite maintenance award, defendant's motion to reargue should have been denied. Although plaintiff originally asked for $11,000 monthly in nontaxable pendente lite maintenance and $6,000 monthly in pendente lite child support, for which she was ineligible because the parties continued to live together with their three sons, Justice Fields's award of $17,000 in monthly maintenance preserved the status quo of the parties' prior voluntary financial arrangement and took into account childcare and other expenses which are paid by plaintiff from her monthly allowance. Taking these factors into consideration, the pendente lite relief awarded by Justice Fields "sufficient[ly] * * * meet[s] the reasonable needs of the children and wife during the pendency of the action [citations omitted]" (*O'Connor v O'Connor*, 207 AD2d 334, 334 [1994]).

Sections 71 and 215 of the Internal Revenue Code (26 USC) provide that maintenance awards such as this are to be taxable to the recipient and deductible by the payor unless the court specifies otherwise or the parties, as in this case, still reside together (26 USC §§ 71, 215). Therefore, in the absence of any specification by Justice Fields as to the taxability or deductibility of her award, pursuant to section 71 of the Internal Revenue Code, the monthly maintenance of $17,000 is nontaxable and nondeductible. Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.