In the Matter of JACQUELINE BIGGIO, Respondent, v LAW-RENCE BIGGIO, Appellant. In the Matter of LAWRENCE BIGGIO, Appellant, v JACQUELINE BIGGIO, Respondent. [776 NYS2d 303]—

In two related family offense proceedings pursuant to Family Court Act article 8, the husband appeals, by permission, from an order of the Family Court, Nassau County (Eisman, J.), dated December 18, 2003, which granted the wife a temporary order of protection, inter alia, directing him to stay away from the marital residence and, in effect, denied him a temporary order of protection.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for an expedited hearing and a new determination on the respective petitions by the wife and husband for an order of protection.

The husband and wife both filed family offense petitions which set forth conflicting allegations. While the wife alleged that she was forced out of the marital residence due to the husband's physical abuse, the husband alleged that the wife voluntarily left the residence to engage in an extramarital affair. Further, the husband alleged that the wife continually returned to the marital residence to harass him.

The parties both appeared before the Family Court, at which time the husband requested an immediate hearing and advised

the court that the parties' adult daughter and teenage son were with him to testify on his behalf. The Family Court denied the husband's request for a hearing and, in effect, denied his petition for a temporary order of protection. However, the Family Court granted the wife a temporary order of protection, which, inter alia, directed the husband to stay away from the marital residence. Thereafter, the Family Court only scheduled the matter for a future conference and never set a date for a fact-finding hearing to provide the husband with a full opportunity to be heard on the merits of the respective petitions.

The Family Court improvidently exercised its discretion in granting the wife a temporary order of protection and in denying the husband's request for such relief without either conducting an evidentiary hearing or scheduling one promptly in light of the conflicting accounts set forth in the petitions and the wife's failure to submit any corroborative evidence to support her allegations (*see Russo v Russo,* 288 AD2d 205 [2001]; *Bagner v Bagner,* 207 AD2d 367 [1994]; *Waldeck v Waldeck,* 138 AD2d 373 [1988]). In addition, the wife failed to demonstrate that exclusive occupancy of the marital premises was necessary to protect the safety of persons and property (*see Preston v Preston,* 147 AD2d 464 [1989]; *Waldeck v Waldeck, supra; Harkavy v Harkavy,* 93 AD2d 879 [1983]; *Hite v Hite,* 89 AD2d 577 [1982]). Accordingly, we remit the matter to the Family Court, Nassau County, for an expedited hearing and new determination on the respective petitions.

The husband's remaining contention is without merit. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.