■ RONALD A. BALKIN, Respondent, v KAREN BALKIN, Appellant. [778 NYS2d 537]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated June 30, 2003, as granted that branch of the plaintiff husband's motion which was for a preliminary injunction prohibiting her from withdrawing funds held in certain Smith Barney accounts, and (2), as limited by her brief, from so much of an order of the same court dated July 1, 2003, as granted that branch of her motion which was for pendente lite maintenance to the extent of awarding pendente lite maintenance in the sum of only $1,600 per week and as granted her permission to utilize the income of one of the parties' accounts to pay her interim counsel and expert's fees, but only upon agreement of the plaintiff.

Ordered that the order dated June 30, 2003, is affirmed

insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated July 1, 2003, is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof awarding the defendant pendente lite maintenance in the sum of $1,600 per week and substituting therefor a provision awarding her pendente lite maintenance in the sum of $3,000 per week and (2) deleting the provision thereof granting the defendant permission to utilize the income of one of the parties' accounts to pay her interim and expert's fees, but only upon agreement of the plaintiff and substituting therefor a provision granting her permission to utilize said income to pay such counsel and expert's fees as have been approved by the Supreme Court; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A court is authorized to issue pendente lite injunctive relief in a matrimonial action upon a showing by the movant that the party to be restrained is "attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution" (*Loderhose v Loderhose*, 216 AD2d 275, 276 [1995] [internal quotation marks omitted]; *see* Domestic Relations Law § 234). Shortly before the commencement of this action, the wife withdrew approximately $270,000 from the parties' joint checking account, and appears to have attempted to withdraw even more marital funds after the commencement of this action. As a result, the Supreme Court enjoined her, pendente lite, from transferring or otherwise disposing of various assets, despite her request for permission to withdraw a maximum of $500,000 from certain accounts. Under the circumstances, the Supreme Court providently exercised its discretion in prohibiting her from withdrawing even a limited sum of money from those accounts in order to preserve the parties' financial status quo as of the time of the commencement of the action (*see Joseph v Joseph*, 230 AD2d 716 [1996]; *Drazal v Drazal*, 122 AD2d 829 [1986]).

Although generally a speedy trial is the proper remedy for any claimed inequity in a pendente lite maintenance award, such an award may be modified on appeal in the interest of justice where the award is deficient (*see Kessler v Kessler*, 195 AD2d 501 [1993]; *Bernstein v Bernstein*, 143 AD2d 168 [1988]). The husband earns a substantial income and the parties' assets total more than $15 million. The award of $1,600 per week was clearly not an accommodation between the reasonable needs of the wife and the financial ability of the husband with due regard to the preseparation standard of living (*see Kessler v Kessler,*

*supra; Polito v Polito*, 168 AD2d 440 [1990]; *Shapiro v Shapiro*, 163 AD2d 294 [1990]). Based upon our review of these factors, we increase the award of pendente lite maintenance to the sum of $3,000 per week.

Finally, although the Supreme Court providently exercised its discretion in granting the wife permission to utilize the income of one of the parties' accounts to pay her interim counsel and expert's fees, such permission should have been subject to approval by the court, not the agreement of the husband. Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.