CHRISTINA CORSO, Appellant, v JOHN HALAMA, Respondent. [805 NYS2d 602]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Adams, J.), dated March 28, 2005, as denied those branches of her motion which were for an award of maintenance pendente lite and for reimbursement for out-of-pocket healthcare costs, and granted that branch of the defendant husband's cross motion which was to enjoin her from selling, transferring, or otherwise disposing of marital and separate assets, except as required to meet ordinary and necessary living expenses.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was for an award of maintenance pendente lite and substituting therefor a provision granting that branch of the motion to the extent of directing the defendant to pay the plaintiff the sum of $1,000 per week in pendente lite maintenance; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Generally, the appropriate remedy for any perceived inequity in a pendente lite award is a prompt trial (see McDermott v McDermott, 4 AD3d 457 [2004]). However, under the circumstances of this case, given the plaintiff's serious health situation, which requires frequent hospitalization, as well as the facts that the defendant, a professional baseball player, earned almost $1,000,000 in the year 2003, and that the plaintiff's income situation is questionable, we conclude that the plaintiff should have been awarded pendente lite maintenance in the sum of $1,000 per week (see Domestic Relations Law § 236 [B] [6] [a]).

"A court is authorized to issue pendente lite injunctive relief in a matrimonial action upon a showing by the movant that the party to be restrained is attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution" (Balkin v Balkin, 8 AD3d 416, 417 [2004] [internal quotation marks omitted]; see Domestic Relations Law § 234). Here, the plaintiff admitted that at or

about the time she commenced this action, she transferred funds from certain joint accounts of the parties to an account in her sole name, and claimed that the latter account was her separate property. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to enjoin the plaintiff from selling, transferring, or otherwise disposing of marital and separate assets, except as required to meet ordinary and necessary living expenses.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.