■ GRACE MILLER, Respondent, v ROBERT A. MILLER, Appellant. [807 NYS2d 106]—

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Garvey, J.), entered September 16, 2004, which, inter alia, awarded the plaintiff wife the sum of $12,000 per month of unallocated, nontaxable temporary child support and maintenance.

Ordered that the order is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof directing the defendant to pay the sum of $12,000 per month of unallocated, nontaxable temporary child support and maintenance and substituting therefor a provision directing the defendant to pay the sum of $7,100 per month of unallocated, nontaxable temporary child support and maintenance; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

Generally, a speedy trial is the proper remedy to rectify inequities in an order directing the payment of temporary maintenance and child support (*see McDermott v McDermott*, 4 AD3d 457 [2004]; *Cohen v Cohen*, 286 AD2d 698 [2001]; *Novick v Novick*, 251 AD2d 385 [1998]). However, "[w]hen the pendente lite award is so prohibitive that the payor spouse is prevented from meeting his or her own financial obligations, relief may be granted" (*Novick v Novick, supra* at 385; *see Davey v Davey*, 293 AD2d 443 [2002]). A pendente lite award of support should "reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living"

(*Bogannam v Bogannam*, 20 AD3d 442, 442 [2005]; *see Levakis v Levakis*, 7 AD3d 678 [2004]; *Campanaro v Campanaro*, 292 AD2d 330 [2002]).

Here, the record supports the husband's contention that the pendente lite support award exceeds his after-tax income. The award was predicated on an unsubstantiated allegation regarding the husband's gross income derived from his dental practice. Additionally, certain of the wife's claimed expenses were either inflated or undocumented. Lastly, the Supreme Court failed to take into account the husband's own living expenses. Accordingly, the award should be modified downward, as it was entered without any reasoned analysis of the parties' pre-separation standard of living, their current resources and reasonable needs, and the husband's need to meet his own living expenses (*see Davey v Davey, supra* at 444; *Kyriazis v Kyriazis*, 260 AD2d 447 [1999]). Thus, unallocated, nontaxable temporary support in the amount of $7,100 per month meets the reasonable needs of the wife and children while taking into account the financial ability of the husband. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.