■ LAURA IANNONE, Appellant, v DOMENIC IANNONE et al., Respondents. [820 NYS2d 86]—

In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Bivona, J.), dated July 13, 2005, which, inter alia, (a) granted those branches of her mo-

tion which were for pendente lite maintenance and forensic accountant fees only to the extent of awarding her the sums of $350 per week for pendente lite maintenance and $2,500 for forensic accountant fees, (b) denied those branches of her motion which were for exclusive occupancy of the marital residence, an interim attorney's fee, the appointment of a receiver, and to direct the husband to maintain a life insurance policy for her benefit, and (c) granted the defendants' cross motion for leave to amend and supplement their answer pursuant to CPLR 3025 (b).

Ordered that the order is modified, on the facts, by deleting the provision thereof denying that branch of the motion which was to direct the husband to maintain a life insurance policy for the wife's benefit and substituting therefor a provision granting that branch of the motion only to the extent of directing the husband to continue, pendente lite, any life insurance policies for the wife's benefit existing at the time this action for a divorce and ancillary relief was commenced; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The wife's contention that the Supreme Court's pendente lite award of maintenance was inadequate is without merit (*see* *Levakis v Levakis*, 7 AD3d 678 [2004]; *Schneider v Schneider*, 264 AD2d 728, 729 [1999]). The purpose of a pendente lite award is to "tide over the more needy party, not to determine the correct ultimate distribution" (*Jordan v Jordan*, 2 AD3d 687, 688 [2003]; *see Yecies v Yecies*, 108 AD2d 813, 814 [1985]), and to "ensure that a needy spouse is provided with funds for his or her support and reasonable needs" (*Pascale v Pascale*, 226 AD2d 439, 440 [1996]). Here, in awarding the wife temporary maintenance in the sum of $350 per week, the Supreme Court considered that the husband has been paying all the carrying charges on the marital residence, including real estate taxes, homeowners insurance, and cable and lawn care expenses. Additionally, the husband was directed to maintain medical, hospital, pharmaceutical, and dental insurance for the wife, and to pay 100% of the reasonable uncovered medical, hospital, dental, and pharmaceutical expenses incurred by her. The husband also was directed to pay all costs related to the 2002 Lincoln automobile, pendente lite, except for gasoline.

Under these circumstances, the temporary maintenance award was sufficient to meet the reasonable needs of the wife during the pendency of this action (*see* *Cooper v Cooper*, 7 AD3d 746, 747 [2004]; *Pascale v Pascale*, 226 AD2d 439, 440 [1996]; *O'Connor v O'Connor*, 207 AD2d 334 [1994]).

Exclusive occupancy of the marital residence may be awarded upon a showing that a spouse's presence has caused domestic strife and that spouse has voluntarily established an alternative residence (*see Kristiansen v Kristiansen,* 144 AD2d 441 [1988]; *Wolfe v Wolfe,* 111 AD2d 809 [1985]). The wife's allegations were insufficient to establish her right to temporary exclusive occupancy (*see Matter of Biggio v Biggio,* 7 AD3d 521, 522 [2004]; *Preston v Preston,* 147 AD2d 464, 465 [1989]; *Waldeck v Waldeck,* 138 AD2d 373 [1988]).

Contrary to the wife's contention, the Supreme Court providently exercised its discretion in denying that branch of her motion which was for an award of an attorney's fee (*see* Domestic Relations Law § 237 [a]; *Vogel v Vogel,* 12 AD3d 592 [2004]; *York v York,* 300 AD2d 475, 476 [2002]). Furthermore, the court providently exercised its discretion in awarding the wife forensic accountant fees at an amount which was substantially reduced from what she requested (*see Ahern v Ahern,* 94 AD2d 53 [1983]; *see also Klisivitch v Klisivitch,* 291 AD2d 433, 434 [2002]).

The appointment of a receiver is an extreme remedy that may only be invoked upon a clear showing of the necessity for conservation of the property and the interests of the movant (*see DaSilva v DaSilva,* 225 AD2d 513 [1996]; *Adinolfi v Adinolfi,* 168 AD2d 401, 402 [1990]). Such showing has not been made in the case at bar. The wife's conclusory allegations that the husband was dissipating rental income from properties subject to equitable distribution were insufficient to require the appointment of a receiver (*see Serdaroglu v Serdaroglu,* 209 AD2d 606, 608 [1994]; *Polito v Polito,* 168 AD2d 440 [1990]; *Modern Collection Assoc. v Capital Group,* 140 AD2d 594 [1988]). Moreover, there is no indication in the record that the husband has a history of failing to comply with the payment of maintenance and fees (*cf. Rogers v Rogers,* 190 AD2d 720, 721 [1993]; *Rose v Rose,* 138 AD2d 475, 477 [1988]).

While leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), the decision as to whether to grant such leave is generally left to the sound discretion of the trial court (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *Dinsenbacher v Dowis,* 5 AD3d 347 [2004]; *M. Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942 [1987]), and its determination will not lightly be set aside (*see Beuschel v Malm,* 114 AD2d 569 [1985]). The Supreme Court providently exercised its discretion in granting the defendants' cross motion, as there was neither an inordinate delay in cross-moving for leave to amend and supplement the answer nor a showing of significant

prejudice to the wife (*see Edenwald Contr. Co. v City of New York, supra; Guiliano v Carlisle,* 296 AD2d 438, 439 [2002]; *Hopper v Hise,* 131 AD2d 814, 815 [1987]; *see also DeBell v Cousins, Inc.,* 302 AD2d 988, 989 [2003]). Moreover, it cannot be said that the proposed amendment was palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Levine v Levine,* 286 AD2d 423 [2001]; *Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436, 437 [1994]).

However, the Supreme Court should have granted that branch of the motion which was to direct the husband to secure his obligation to provide pendente lite maintenance, but only to the extent of directing him to maintain any life insurance policies for the wife's benefit existing at the time this action was commenced (*see Lee v Lee,* 18 AD3d 508, 512 [2005]; *Comstock v Comstock,* 1 AD3d 307, 308 [2003]; *Koeth v Koeth,* 309 AD2d 786, 787 [2003]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.