Nancy Kammerer, Appellant, v Robert J. Kammerer, Respondent. [835 NYS2d 206]—

In an action for a divorce and ancillary relief, the plaintiff former wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (LaMarca, J.), entered January 13, 2005, which, inter alia, awarded her maintenance and retroactive child support, equitably distributed marital property, and directed that she be responsible for her own health insurance.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

After 30 years of marriage, the former wife commenced the instant action for a divorce and ancillary relief in 1998. The parties entered into a stipulation dated April 10, 2003 providing for the equitable distribution of the marital residence, the defendant former husband's businesses, and commercial real estate. A 55-day trial was conducted from April 26, 2002 through March 11, 2004, after which the trial court issued findings of fact, and rendered a judgment disposing of outstanding financial issues. The wife appeals from stated portions of the judgment. We affirm.

Under the circumstances, in determining basic child support for the parties' unemancipated daughter, the trial court providently exercised its discretion in determining that it would be unjust and inappropriate to apply the statutory percentage to the husband's income in excess of $100,000 (see Domestic Relations Law § 240[1-b] [c] [3]; [f]; Matter of Cassano v Cassano, 85 NY2d 649, 655 [1995]; Corasanti v Corasanti, 296 AD2d 831 [2002]).

Further, the wife's contention that the trial court erred in denying her claim to equitable distribution of rental income from commercial real estate already distributed to the husband pursuant to the stipulation dated April 10, 2003 is without merit. Pursuant to the clear and unambiguous language of the

stipulation, the wife waived any claim she may have had to this property.

Considering all of the factors relevant in determining maintenance, including the amount of marital assets awarded to the wife, and her ability to become partially self-supporting, the award to her of nondurational maintenance in the sum of $800 per week was a provident exercise of the trial court's discretion (*see Fridman v Fridman*, 301 AD2d 567 [2003]; *Kret v Kret*, 222 AD2d 412 [1995]; Domestic Relations Law § 236 [B] [6] [a]). The wife's testimony with respect to her health problems was not corroborated by expert testimony, and did not establish that she was incapable of securing employment. Rather, the evidence indicates that she is capable of working.

Considering the wife's means and ability to secure employment, the trial court's refusal to compel the husband to provide health insurance for her was a provident exercise of discretion (*see Mollon v Mollon*, 282 AD2d 659, 661 [2001]; *Mulcahy v Mulcahy*, 170 AD2d 587, 589 [1991]).

The parties' remaining contentions are without merit. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.