S. LANE GENATOWSKI, Respondent-Appellant, v ROSELEE GENATOWSKI, Appellant-Respondent. [842 NYS2d 550]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Montagnino, Ct. Atty. Ref.), entered September 9, 2005, which, inter alia, upon a decision of the same court dated July 27, 2005, awarded her, in effect, the sum of only $962,421 as a distributive award, awarded her maintenance for a period of only five years, and declined to award her an equitable share in certain stock options, and the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as awarded the defendant maintenance and allegedly awarded the defendant the same marital asset twice.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof which, upon the decision dated July 27, 2005, awarded the defendant, in effect, the sum of only $962,421 as a distributive award, and substituting therefor a provision awarding the defendant the sum of

$1,043,923; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to both parties' contentions, on this record, the trial court providently exercised its discretion in fixing the amount and duration of maintenance awarded to the defendant (*see Scarlett v Scarlett*, 35 AD3d 710, 711 [2006]), after due consideration of the relevant factors (*see* Domestic Relations Law § 236 [B] [6] [a] [1]-[11]). Contrary to the defendant's contention, despite the disparity in the parties' incomes, a lifetime award of maintenance would be inequitable in view of her sizable distributive award, and her equal share of the retirement assets.

Moreover, the trial court providently exercised its discretion in denying the defendant's application for additional counsel fees (*see* Domestic Relations Law § 237 [a]; *Engel v Jacobs*, 297 AD2d 657, 658 [2002]; *Garver v Garver*, 253 AD2d 512, 514 [1998]), and in declining to compel the plaintiff to continue providing her with health insurance (*see Kammerer v Kammerer*, 38 AD3d 846 [2007]).

In calculating the value of the liquid marital assets subject to equitable distribution, the trial court erred in crediting the plaintiff for his share of $163,004 in taxes paid by deducting the sum of $81,502 from the defendant's distributive award when, in fact, the court had already accounted for this sum by deducting the sum of $163,004 from the marital estate prior to calculating the defendant's distributive award. Accordingly, the defendant's distributive award should be increased by the sum of $81,502.

The parties' remaining contentions are without merit. Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.