■ ELLEN KAPLAN, Respondent-Appellant, v JERROLD KAPLAN, Appellant-Respondent [857 NYS2d 677]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Stack, J.), dated August 1, 2006, as, after a nonjury trial, (1) directed him to pay maintenance in the sum of $6,000 per month for a continuous period of 60 months, and then, commencing with the 61st month, the sum of $3,000 per month continuing for life, (2) directed him to pay the sum of $29,000 in arrears for temporary maintenance, (3) directed distribution of the bank accounts of his dental practice in addition to distribution of the value of his dental license and practice, (4) directed him to obtain life insurance as security for the distributive and maintenance awards contained in the judgment, and (5) directed him to pay a total of $100,000 in attorney's fees on behalf of the wife, and the wife cross-appeals, as limited by her brief, from so much of the same judgment as awarded her only 30% of the husband's dental license and practice.

Ordered that the judgment is modified, on the law and the facts and in the exercise of discretion, by (1) deleting the provision thereof directing the husband to pay maintenance in the sum of $3,000 per month commencing with the 61st month and continuing for life, (2) deleting the provision thereof awarding the wife 30% of the husband's bank accounts related to the husband's dental practice, and (3) adding a provision thereto making the husband's obligation to obtain life insurance as security for the distributive and maintenance awards contained in the judgment coterminous with the maintenance obligation; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court's award of lifetime maintenance to the wife was an improvident exercise of discretion. In view of the wife's work experience, the fact that she was gainfully employed and earning approximately $80,000 per year, the sizable distributive award she received, and her equal share of the husband's retirement benefits, the award of permanent maintenance was inappropriate (*see Howard v Howard,* 45 AD3d 944 [2007]; *Genatowski v Genatowski,* 43 AD3d 1105 [2007]; *Cuozzo v Cuozzo,* 2 AD3d 665 [2003]). However, the award of $6,000 per month in maintenance for a period of five years is appropriate under the circumstances of this case.

The Supreme Court's determination to award the wife the sum of $29,000 in temporary maintenance arrears should not be disturbed (*see Miller v Miller,* 24 AD3d 521, 522 [2005]; *Davey v Davey,* 293 AD2d 443, 444 [2002]; *Kyriazis v Kyriazis,* 260 AD2d 447, 448 [1999]; *see also Verdrager v Verdrager,* 230 AD2d 786, 789 [1996]; *Ferraro v Ferraro,* 257 AD2d 598, 599-600 [1999]).

The court providently exercised its discretion in awarding the wife 30% of the husband's dental practice and license. " 'Although in a marriage of long duration, where both parties have made significant contributions to the marriage, a division of marital assets should be made as equal as possible . . . there is no requirement that the distribution of each item of marital property be made on an equal basis' " (*Griggs v Griggs,* 44 AD3d 710, 713 [2007], quoting *Chalif v Chalif,* 298 AD2d 348, 349 [2002]). Here, the award of 30% takes into account the limits of the defendant's involvement with the practice and the attainment of the dental license, while not ignoring the direct and indirect contributions that she made (*see Schwartz v Schwartz,* 47 AD3d 795 [2008]; *Griggs v Griggs,* 44 AD3d 710 [2007]; *Granade-Bastuck v Bastuck,* 249 AD2d 444 [1998]; *Newton v Newton,* 246 AD2d 765, 766 [1998]).

The Supreme Court erred in directing the separate distribution of both the husband's dental practice and the bank accounts of the dental practice. The value of the dental practice, as determined by a neutral business evaluator, already included the value of these accounts (*see generally* Domestic Relations Law § 236 [B] [5]; *Genatowski v Genatowski,* 43 AD3d 1105 [2007]).

The determination of what constitutes reasonable counsel fees is within the court's discretion (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Stadok v Stadok,* 25 AD3d 547 [2006]; *Herzog v Herzog,* 18 AD3d 707, 709 [2005]). The issue of attorney's fees is controlled by the circumstances of each particular case and the court must consider the relative financial circumstances of the parties, the relative merit of their positions, and the tactics of a party in unnecessarily prolonging the litigation (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea,* 93 NY2d 187, 190 [1999]; *Timpone v Timpone,* 28 AD3d 646 [2006]; *Levy v Levy,* 4 AD3d 398, 399 [2004]; *Gallousis v Gallousis,* 303 AD2d 363, 364 [2003]). Here, the Supreme Court properly weighed the circumstances of the case and its determination should not be disturbed.

The Supreme Court properly directed the husband to obtain life insurance naming the wife as beneficiary (*see* Domestic Re-

lations Law § 236 [B] [8] [a]). However, in accordance with this Court's determination that the award of maintenance should be modified to eliminate the award of lifetime maintenance, the Supreme Court's directive must also be modified so as to provide that the requirement to provide life insurance as security for the maintenance award is coterminous with such award. Mastro, J.P., Ritter, Carni and Eng, JJ., concur.